IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| LORIE GAVIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-696-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL ASTRUE, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Phil Studenberg
200 Pine Street
Klamath Falls, Oregon 97601

       Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Thomas M. Elsberry
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff Lorie Gavin brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB"). I affirm the decision of the Commissioner.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the burden of proof on the first four steps.  <u>Bustamante v. Massanari</u>, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

Page 3 - OPINION AND ORDER

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

## PROCEDURAL HISTORY

Gavin filed an application for disability insurance benefits. Her claim was denied initially on April 20, 2004, and on reconsideration on July 23, 2004. A hearing was held on September 15, 2005. On September 23, 2005, the ALJ issued a decision finding Gavin not disabled. On March 24, 2006, the Appeals Council vacated the decision and remanded the case. On remand, the ALJ was to give further consideration to Gavin's obesity, obtain evidence if necessary from a medical expert, give further consideration to Gavin's residual functional capacity, and obtain supplemental evidence from a vocational expert. A second hearing was held

on August 9, 2006 with testimony from both a medical and vocational expert. The ALJ denied Gavin's application a second time on September 29, 2006. The Appeals Council denied the request for review on March 14, 2007, making this decision the final decision of the Commissioner which is now appealed to District Court.

## THE ALJ'S DECISION

The ALJ found that Gavin had impairments of thrombophilia[1] with a history of deep vein thrombosis, varicose veins, carpal tunnel syndrome, benign positional vertigo from September to November 2004, obesity, asthma, esophageal reflux, and joint pain at the feet and knees. The ALJ further found that at least one of these impairments was severe. However, the ALJ found that these impairments, either singly or in combination, were not severe enough to meet or medically equal the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations. The ALJ found that Gavin's subjective symptom testimony was not entirely credible. After reviewing the medical record, the ALJ concluded that Gavin had the residual functional capacity to perform a light level of work with some additional restrictions. Based on expert vocational testimony, the ALJ found that Gavin could perform her past work as a cashier[2] and also could work as a counter clerk, parking lot cashier, and table worker and was thus not disabled as defined in the Act.

---

[1] A hereditary or acquired predisposition to the formation or presence of a blood clot within a blood vessel during life. <u>Merriam Webster's Medical Desk Dictionary</u> 814 (1996).

[2] Although the opinion is inconsistent on this point, compare title #6 with the text below it, the vocational expert testified that Gavin could work as a cashier.

Page 5 - OPINION AND ORDER

**FACTS**

Gavin alleges disability beginning on March 22, 2002, with her primary complaint being problems with her legs. She was 34 at the time of the last decision, had earned a GED, and worked as a mill worker, laundry worker, and cashier.

Gavin suffers from obesity. She is 5 feet 6 ½ inches tall. Between February 2003 and June 2006, her weight fluctuated between 312 and 333 pounds. Her problems began in 1998 when a genetic defect caused her to start developing blood clots in her legs. She has been hospitalized to treat the problem and now controls it with medication. The clotting problems causes Gavin's right leg to be extremely swollen and painful. Her decreased activity due to the leg pain caused Gavin to gain weight.

Gavin lives with her husband and two-year-old (in 2004) son. She does all of the housework and occasional light yard work, prepares meals, and cares for her child. Gavin rests after doing these activities for 30 minutes and spreads them throughout the day. She complains of shortness of breath after walking 200 feet. Gavin can stand for 30 to 60 minutes, then she needs to sit down and raise her legs higher than her heart to relieve the swelling and pain. She gets restless after sitting for 30 minutes. Gavin rates the pain in her legs as six out of ten. She reclines two to four times a day for 30 minutes to elevate her legs. In 2005, Gavin and her husband were going to the YMCA where she would walk on the treadmill for 90 minutes. Although Gavin lost some weight doing this, she gained it back when their schedules prevented them from going any longer. She wears knee-high support stockings to combat the swelling.

## DISCUSSION

Gavin objects to the ALJ's reliance on the testimony of the medical expert, Dr. Bjornstad, that wearing hip-high support stockings would eliminate her need to elevate her leg every hour or two to control swelling. Gavin contends that Dr. Bjornstad's speculative opinion is supported by nothing more than a hunch because she never examined Gavin. Gavin argues that the ALJ should have given controlling weight to her treating physician's opinion that she needed to elevate her leg.

The Commissioner argues that Dr. Bjornstad's opinion was based on her medical expertise and familiarity with the record. The Commissioner also notes that Gavin has not pointed out an opinion from a treating or examining physician that is contrary to Dr. Bjornstad's opinion that wearing support hose would eliminate Gavin's need to elevate her legs.

At the hearing, Dr. Bjornstad testified that to reduce the chance of Gavin forming a blood clot in her leg, she would have to either elevate her leg, ideally above the heart, or alternatively wear support stockings. The ALJ questioned her closely on the two alternatives since one would allow work and the other would not. Dr. Bjornstad responded that wearing support stockings would eliminate the need to elevate the leg. "They'd have to be, you know, well-fitting and probably be up to the hip level. It'd be somewhat sweaty and uncomfortable, but that would eliminate the problem." Tr. 398.

I first note that Gavin does not object to the ALJ's finding that she was not entirely credible. I saw nothing in the medical notes limiting Gavin's ability to work. Even though she is wearing the particular support stockings selected by Dr. Bradbury, there is nothing to indicate that Dr. Bradbury disagrees with Dr. Bjornstad's opinion that longer support stockings would

Page 7 - OPINION AND ORDER

eliminate the need for Gavin to elevate her legs several times during the day. Thus, the ALJ has not rejected the opinion of Gavin's treating physicians. I saw no indication in any of the chart notes that Gavin discussed asked her treating physicians for alternative ways to alleviate the leg symptoms so that she could return to work. What she was doing–wearing knee-high support stockings and elevating her legs–works for a homemaker. Since Gavin stopped working in 2002, there was no need for her to explore alternative solutions.

In summary, the ALJ has relied on substantial evidence in the record, including the testimony of a medical expert. He has committed no error.

## CONCLUSION

The findings of the Commissioner are based upon substantial evidence in the record and the correct legal standards, and therefore the court affirms the decision of the Commissioner.

IT IS SO ORDERED.

Dated this     20th     day of February, 2008.

                                                 /s/ Garr M. King
                                                 Garr M. King
                                                 United States District Judge